# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 11-025V
Filed: May 24, 2013

*************************************

MARIA GIUNTA,

           Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

           Respondent.

*************************************

NOT TO BE PUBLISHED

**Special Master Zane**

Stipulation; attorneys' fees and costs

*Ronald C. Homer, Conway,* Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner;
*Ann Donohue Martin*, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 23, 2013, the parties in the above-captioned case filed a Stipulation of Facts Concerning Attorneys' Fees and Costs ("Stipulation") memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. Petitioner requests a total award of

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. Absent a timely motion to redact, the decision will be made available to the public in its entirety. If the Special Master, upon review of a timely-filed motion, agrees that the identified material fits within the categories listed above, the Special Master shall redact such material from the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

$51,929.12, for attorneys' fees and costs to which Respondent does not object. Petitioner's counsel represents that Petitioner incurred the amount of $513.16 in personal litigation costs, to which Respondent does not object.[2] In accordance with 42 U.S.C. § 300aa-15(e), the undersigned awards the amount to which Respondent does not object.

Petitioner, Maria Giunta, alleged that she suffered from multiple sclerosis as a consequence of her receipt of the human papillomavirus ("HPV") vaccine, which vaccine is contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a), and which she received on or about January 30, 2008 and April 14, 2008. Petitioner also alleged residual effects of this injury for more than six months and that she has not otherwise received compensation for such injuries. A decision awarding compensation based upon the parties' stipulation was entered on January 4, 2013.

Although Respondent did not concede the claim, the parties, nonetheless, settled the matter, and an award of compensation was made. Because Petitioner was awarded compensation, Petitioner is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned also finds that the stipulated amount of $51,929.12, in attorneys' fees and costs and $513.16 for costs incurred by Petitioner are reasonable based on the stage at which this matter was settled. Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the parties' request as outlined in the Stipulation. The judgment shall reflect that Petitioner is awarded attorneys' fees and costs as follows:

> **in a check made payable jointly to Petitioner (Maria Giunta) and Petitioner's counsel (Ronald C. Homer of the law firm Conway, Homer & Chin-Caplan, P.C.), the amount of $51,929.12.**

> **in a check made payable to Petitioner (Maria Giunta) the amount of $513.16.**

The court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[3]

**IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master

---

[2] The stipulation as filed contained a discrepancy as to the amounts. Paragraph 3 stated that the agreed amounts were $51,929.12 for attorneys' fees and costs and $513.16 for Petitioner's costs. Paragraph 5 stated that the amounts to be paid were $52,442.28 in attorneys' fees and costs and $513.16 for Petitioner's costs. Upon inquiry, both Petitioner and Respondent have advised chambers that the correct, agreed-upon amounts are $51,929.12 for attorneys' fees and costs and $513.16 for Petitioner's costs. Those are the amounts awarded.

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.